IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BANK OF NEW YORK MELLON TRUST CO., NA,<br>    Plaintiff,<br><br>v.<br><br>PAMELA BRAGG and<br>WAYNE S. BRAGG, SR.,<br>    Defendants. | §<br>§<br>§<br>§<br>§  No. 3:15-CV-2796-B (BF)<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action arising out of forcible entry proceedings initiated in Tarrant County, Texas to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference.

**Background**

Defendants Pamela Bragg and Wayne S. Bragg, Sr. (collectively, the "Braggs") pleaded in their notice of removal that the Court has subject-matter jurisdiction based on diversity of parties. Notice of Removal [D.E. 3 at 4]. According to Plaintiff Bank of New York Mellon Trust Company ("Mellon") this is the third time that the Braggs have attempted to remove their case from state court to federal court. Pl.'s Mot. Remand [D.E. 5 at 3]. The previous two times that the Braggs attempted to remove their forcible entry and detainer case, it was remanded back to state court for lack of subject matter jurisdiction. *See id.* [D.E. 2-3]. Mellon filed its motion to remand on September 9, 2015. *See* Pl.'s Mot. Remand [D.E. 5]. According to Local Civil Rules, "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." Local R. 7.1(e). Therefore, the Braggs' response and brief was due on September 30, 2015. *See id.* Furthermore, the

Court ordered the Braggs to file a response on November 2, 2015. *See* Order [D.E. 7]. The Court notes that the extension provided by the Court has expired and the Braggs have still not filed a response.

**Legal Standard**

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). Courts are allowed to question subject-matter jurisdiction because "it is nonwaiveable and delimits federal-court power . . . ." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Subject-matter jurisdiction is necessary to "keep the federal courts within the bounds the Constitution and Congress have prescribed." *Id.* Furthermore, "a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits." *Id.* at 577 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998).

**Analysis**

Generally, a defendant may remove a civil action from state court to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a). An action can be filed originally in federal court if subject-matter jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. Subject matter jurisdiction can exist if the action is based on a federal law question or where diversity of citizenship exists between the parties to the action. *Id.* Diversity of citizenship requires plaintiffs to establish that the matter in controversy exceeds $75,000 and the controversy is between a plaintiff and defendant of different states. 28 U.S.C. § 1332(a)-(b). If a plaintiff does not allege an amount of damages in the state court petition, "the removing defendant must prove by a preponderance of

the evidence that the amount in controversy exceeds [the statutory amount][1]." *De Agular v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). "The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue." *Bank of N.Y. Mellon v. Coleman*, No. 3:13-CV-105-B, 2013 WL 466422, at *1 (N.D. Tex Feb. 6, 2013) (citing *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D.Tex. Aug.16, 2012), *adopted by*, 2012 WL 4005760 (N.D.Tex. Sept.11, 2012).

Here, the Braggs have failed to "prove by a preponderance of the evidence that the amount in controversy exceeds [the statutory amount]." *See De Agular*, 47 F.3d at 1409. In their notice of removal, the Braggs pleaded that "[t]he subject real property has a current fair market value of $250,000.00 according to the Tarrant Central Appraisal District." Notice of Removal [D.E. 3 at 4]. However, because this is a forcible entry action, the current fair market value is the incorrect standard for establishing that the matter in controversy exceeds $75,000. *See Coleman*, 2013 WL 466422, at *1. Thus, the Braggs have failed to plead the value of the right to occupy or possess the property. *See id.* Because they have pleaded the wrong standard, the Braggs are unable to meet their evidentiary burden. *See De Agular*, 47 F.3d at 1409. Therefore, removal is improper, and the Court does not have subject-matter jurisdiction over the case.

## Sanctions

Federal law states that if a federal district court lacks jurisdiction over a case, it shall be remanded. 28 U.S.C. § 1447(c). Furthermore, the party removing the case may be required to pay the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The Supreme Court has stated:

---

[1] When *De Agular* was decided, the statutory minimum amount under 28 U.S.C. § 1332 was $50,000.

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Attorney fees may be awarded "when the removing party lacks an objective reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012). However, "*pro se* parties should be sanctioned only after successive attempts to press a wholly frivolous claim." *McCampbell v. KMPG Peat Marwick, L.L.P.*, 982 F. Supp. 445, 448 (N.D. Tex. 1997) (internal quotations omitted).

Here, the Braggs have removed this case from state court three times for the sole "purpose of prolonging litigation" in the attempt to remain in possession of the foreclosed property. *See id.* The case has been remanded twice already, and therefore, the Braggs lack an objective reasonable basis for removal. *See Am. Arlines*, 694 F.3d at 542. Furthermore, the Braggs' repeated attempts to press removal of this case from state court are wholly frivolous. *See McCampbell*, 982 F. Supp. at 448. Finally, the Braggs have already been "warned that any further attempt to remove this cause to this Court may result in the imposition of sanctions against them." *Bank of N.Y. Mellon Trust Co., N.A. v. Bragg*, No. 3:15-CV-1766-N-BK, 2015 U.S. Dist. LEXIS 105418, at * 4 (N.D. Tex. July 20, 2015), *adopted by Bank of N.Y. Mellon Trust Co., N.A. v. Bragg*, 3:15-CV-1766-N-BK, 2015 U.S. Dist. LEXIS 104692.

**Recommendation**

For the reasons stated, the District Court should remand this case back to state court for

4

further proceedings. The Court also recommends that the Braggs pay attorney fees to Mellon in the amount of $4,300.00. This represents the amount Melon expended on this attempted removal and the previous attempt at removal. Pl.'s Mot. Remand [D.E. 5 at 4]. Furthermore, the Braggs should not be allowed to file any further items with the Court without first obtaining leave to do so.

  **SO RECOMMENDED**, this 12th day of November, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).